

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

April 4, 1974

The Honorable Henry Wade          Opinion No. H- 270
District Attorney
Dallas County Government Center   Re:   Whether the respondent in
Dallas, Texas 75202                     a cause filed under the Uni-
                                        form Reciprocal Support Act
Dear Mr. Wade:                          is entitled to a jury trial

You have asked our opinion on the question of whether a respondent in a cause filed under the Uniform Reciprocal Enforcement of Support Act is entitled to a jury trial.

The Uniform Reciprocal Enforcement of Support Act has been enacted as Chapter 21 of the Texas Family Code. It derives from Art. 2328b-4, V. T. C. S., enacted by the 59th Legislature in 1965, and from earlier similar legislation.

We considered a similar question in opinion No. H-218 but confined our reply to contempt proceedings brought under the Uniform Reciprocal Enforcement of Support Act where an obligation to support had already been validly fixed by another court and in which enforcement by contempt of court was the only issue.

Opinion No. H-218 was written in response to an inquiry by the Honorable Tom Hanna, Criminal District Attorney of Jefferson County, Texas, and he, like you, has requested that we broaden the opinion and state "whether a respondent in a Uniform Reciprocal Enforcement of Support Act to set the amount of child support is entitled to a jury trial." This opinion is intended as an answer to Mr. Hanna's inquiry as well as to yours.

As indicated in Mr. Hanna's supplemental inquiry a court in a Uniform Reciprocal Enforcement of Support Act proceeding has autho-

rity to set the amount of child support.  Other issues which might come
before the court in such a proceeding are the need for child support,
the duty to contribute, which would involve parenthood, and other related
issues.

We believe that such proceedings are controlled by § 11.13 of the
Texas Family Code which provides as follows:

> "(a) In a suit affecting the parent-child rela-
> tionship, except a suit in which adoption is sought,
> any party may demand a jury trial.

> "(b) The verdict of the jury is binding on the
> court except with respect to the issues of managing
> conservatorship, possession, and support of and
> access to a child, on which the verdict is advisory
> only, provided, however, the court may not enter a
> decree that contravenes the verdict of the jury on
> the issues of managing conservatorship, possession
> of, or access to a child."

We believe that the advisory jury specified in § 11.13(b) is available
in Uniform Reciprocal Enforcement of Support Act proceedings and thus,
in answer to Mr. Hanna's supplemental inquiry, such an advisory jury
would be available where the court is setting the amount of child support
in such a proceeding.  The right to a jury concerning other issues would
be governed by the terms of § 11.13.

Accordingly, while a jury is not available to a respondent in a
contempt proceeding filed under the Uniform Reciprocal Enforcement
of Support Act to enforce a previous valid order of child support [see
Attorney General Opinion H-218 (1974)], the provisions of § 11.13 of the
Family Code, making a jury available in suits affecting the parent-child
relationship, are applicable to other legal issues which might arise in
Uniform Reciprocal Enforcement of Support Act proceedings in accordance
with the terms of said § 11.13.

## SUMMARY

A jury is available to a respondent in non-contempt Uniform Reciprocal Enforcement of Support Act proceedings if one of the issues specified in § 11.13 of the Family Code is before the court.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee